## William Leininger and Charles Miller, Appellants, *v.* The Summit Branch Railroad Company.

*Equity—Ejectment bill—Title—Possession.*

On a bill in equity to restrain interference with the possession of land, where the master, on sufficient testimony, finds as a fact that the defendant at the time the bill was filed was in possession of the land, except as to a small portion, and as to this plaintiff's entry was a trespass, and the court below dismisses exceptions to the master's report, approves his findings and dismisses the bill as an ejectment bill, the Supreme Court will affirm the decree.

Argued Feb. 16, 1897.    Appeal, No. 517, Jan. T., 1896, by plaintiffs, from decree of C. P. Schuylkill Co., May T., 1895, No. 1, dismissing bill in equity.    Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ.    Affirmed.

Bill in equity to restrain interference with the possession of land.

The case was referred to F. W. Bechtel, Esq., as examiner and master.

The testimony in the case covered one thousand and sixty-nine printed pages.    The master's report covered one hundred and sixty-eight pages.    After a lengthy discussion of the evidence and law the master made the following findings:

1. That the Summit Branch Railroad Company was the owner of all of the land described in the plaintiffs' bill at the time it was filed, with the exception of that portion of the John Huber which interferes with the Casper Lengel tract of land, and about which there is no controversy in this case.

2. That the Summit Branch Railroad Company, the defendant, was in possession of all of the land described in the plaintiffs' bill at the time it was filed, except said portion lying on the Casper Lengel, and about one fourth of an acre, used as a garden, appurtenant to a house, eighteen by twenty feet, one

story high, occupied by Daniel Young, its tenant, one half of said house being within the lines of the John Huber survey. That the entry of the plaintiffs and the erection of said house and enclosing of said garden constituted a trespass upon the lands of the Summit Branch Railroad Company.

3. That the plaintiffs' bill is an ejectment bill.

The master recommended that the bill should be dismissed.

Exceptions to the master's report were dismissed, and a decree entered dismissing the bill.

*Error assigned* was decree of the court.

*W. F. Shepherd*, with him *F. P. Dewees*, for appellants.—A bill in equity is the proper remedy in this case: Leininger's App., 106 Pa. 398; Scheetz's App., 35 Pa. 88; Stewart's App., 56 Pa. 413; Allison's App., 77 Pa. 221; Bitting's App., 105 Pa. 517; Walters v. McElroy, 151 Pa. 549; Smith v. Pettingill, 15 Vt. 82; Mitchell v. Dors, 6 Ves. 147; Hanon v. Gardiner, 7 Ves. 306; Livingston v. Livingston, 6 Johns. Ch. 497; Crockford v. Alexander, 15 Ves. 138; Lyon v. Hunt, 11 Ala. 295; Hughes v. Trustees, 1 Ves. Sen. 188; Osborn v. United States Bank, 9 Wheat. 842; Belknap v. Belknap, 2 Johns. Ch. 472; Ege v. Medlar, 82 Pa. 86; McCall v. Neely, 3 Watts, 69; Peoria & P. U. Ry. v. Tamplin, 40 N. E. Rep. 960; Beaver Brook Reservoir & C. Co. v. St. Vrain Reservoir, 40 Pac. Rep. 1066; Barlow v. Bell, 1 A. K. Marsh, 246; Tate v. Norton, 94 U. S. 749; Payne v. Hook, 74 U. S. 425; Yates v. Hambly, 2 Atk. 363.

*Guy E. Farquhar* and *D. C. Henning*, for appellee.—This was clearly an ejectment bill, and was properly dismissed: Saunders v. Racquet Club, 170 Pa. 265; Washburn's App., 105 Pa. 480; Patterson's App., 129 Pa. 109; Barclay's App., 93 Pa. 50; Minnig's App., 82 Pa. 373; Del., Lack. & W. R. R. v. Newton Coal Co., 137 Pa. 315.

PER CURIAM, March 1, 1897:

There is no error in this decree. We fully agree with the learned master in his third finding: " That the plaintiffs' bill is an ejectment bill." That alone was sufficient to justify the action of the court below in dismissing the bill, and the decree should not be disturbed.

Decree affirmed, and appeal dismissed at plaintiffs' costs.