## B. N. Freeland, Appellant, v. South Penn Oil Company and Elizabeth Johnson.

*Equity practice—Equity pleading—Cross-bill.*

If the defendant in a bill in equity relies on the equities of his case for anything beyond a defense, and seeks affirmative relief, he must file a cross-bill.

Where a bill in equity is filed to declare an oil lease forfeited, but the evidence shows that there was no forfeiture, the court cannot, in the absence of a cross-bill, decree that a subsequent lease made and assigned to the plaintiff shall be delivered up for cancellation.

*Lease—Oil and gas lease—Forfeitures—Equity.*

An oil and gas lease will not be declared forfeited for nonpayment of rent for three months, where it appears that the lessees received and receipted for rentals double the amount due for the three previous months.

Argued Oct. 20, 1898. Appeal, No. 157, Oct. T., 1898, by plaintiff, from decree of C. P. GREENE Co., No. 17, in equity. Before GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ. Affirmed with modification.

Bill in equity to declare a forfeiture of an oil and gas lease.

Taylor, J., of the 27th judicial district, specially presiding, filed the following opinion:

### FACTS FOUND.

(*a*) Hugh Smith being the owner in fee of a tract of land in Springhill township, Greene county, containing fifty acres, conveyed the same to William Johnson, one of the lessors to the lease in dispute, on September 29, 1882, for the consideration of $1,000, which deed was acknowledged on said day and recorded January 11, 1888, in deed book, No. 61, page 354.

Pamelia Tustin and Isaac, her husband, being the owner in fee of a tract of land in Springhill township, Greene county, containing sixteen acres, two rods and thirty perches, conveyed the same to William Johnson, one of the lessors to the lease in dispute, on May 26, 1853, for the consideration of $1,284.43, acknowledged the same day and recorded January 11, 1888, in deed book, No. 61, page 365.

Thomas M. Carpenter and Margaret, his wife, being the owners in fee of two tracts of land in Springhill township, Greene county, containing nine acres and twenty-seven perches, and seventy-nine acres and twenty-nine perches, respectively, conveyed the same to William Johnson, one of the lessors to the lease in dispute, by deeds of conveyance dated March 29, 1879, acknowledged same day and recorded January 11, 1888, in deed book, No. 61, page 357, consideration $1,037.52, and deed dated September 23, 1885, acknowledged same day, consideration $2,225.44, recorded January 11, 1898, in deed book, No. 61, page 369; and

1. These four tracts of land make up that portion which the

said William Johnson and Elizabeth Johnson, his wife, one of the defendants to this bill, on February 15, 1896, as lessors, joined in the execution of a renewal lease and grant to Guffey and Queen, and their heirs and assigns, assignors of the South Penn Oil Company, defendant, in consideration of $1.00, "all the oil and gas in and under" the land therein described, containing 150 acres, more or less, together with the right of ingress and egress at all times and for the purpose of drilling and operating for oil, gas or water, and to conduct all operations and lay all pipes necessary for the production and transportation of all oil, gas or water taken from said premises, reserving, however, to first party, the equal one eighth part of all oil produced and saved from said premises, to be delivered in the pipe line to the credit of the first party, free of charge. On November 16, 1896, the said grantees, Guffey and Queen, and Frank R. Liggett, assigned the foregoing lease or grant of William and Elizabeth Johnson, and W. S. Guffey and Emmett Queen, with other leases, to the South Penn Oil Company, the oil rights thereunder, it paying the rental accruing and becoming due under said lease pending the completion of wells thereon while they hold the oil rights thereunder, reserving to the Carnegie Natural Gas Company the gas and gas rights under said several leases, subject to the provision of an agreement between said company and Guffey and Queen, dated October 15, 1894, which is fully set forth in a true copy in plaintiff's bill as exhibit " B. "   For the purposes of this case the material parts of the grant from William and Elizabeth Johnson to Guffey and Queen, assigned to the South Penn Oil Company and the Carnegie Natural Gas Company, may be paragraphed as follows :

"2.  To have and to hold the above premises unto the party of the second part, their heirs and assigns, on the following conditions : If gas only is found second party agrees to pay at the rate of $350.00 per year, payable quarterly, in advance, for the product of each well while the same is being used off the premises.

" 3.  In case no well is completed within sixty days from this date (February 15, 1896) then this grant shall immediately become null and void as to both parties.   Provided, that the second party may prevent such forfeiture from month to

month, and no longer, by paying to the first party in advance twelve and fifty one-hundredths (12 50-100) dollars at New Freeport P. O., Greene county, Pa., until such well is completed.

"4. All moneys that may become due under this grant payable to William and E. Johnson.

"5. The conditions hereof extended to the parties hereto, their heirs, executors, administrators and assigns."

(*b*) The copy of the grant given to William and Elizabeth Johnson, the grantors, stipulated no place for payment of rentals falling due under the terms of the grant, the space in the instrument for that purpose being left blank; the original retained by the grantees, Guffey and Queen, stipulated that rentals were payable "at New Freeport P. O., Greene county, Pa." The omission to fill this blank with place of payment in the copy given the grantors and the filling of said blank space in the original retained by grantees, with the words at "New Freeport P. O., Greene county, Pa.," forms the basis of one of the principal contentions raised in this case. Several of the early monthly instalments of rentals falling due were paid by agents of the South Penn Oil Company, at the house of William and Elizabeth Johnson, to them, but finally the grantors went monthly to the New Freeport P. O., Greene county, Pa., and there received through the mail from the postmaster or his assistants, vouchers for rentals due in advance, which under an arrangement between the postmaster and the assignees of the oil and gas rights of said grants, were there cashed to William and Elizabeth Johnson upon their signing said vouchers.

(*c*) Of this method and this place of payment, there was no complaint on the part of the said William and Elizabeth Johnson, both of whom jointly signed each voucher for the monthly rent in advance, they having executed a joint lease or grant of the land. It was the post-office of the grantors and their point of trading and was made at that place for the convenience of all parties to the grant. The town of Waynesburg, at a bank, some twenty miles distant from residence of the said Johnsons, having in some former leases been the place of payment, this change was made for the most part for their convenience, and we have no difficulty in finding, under all the evidence introduced before us, that the payment of monthly rental for delay

of $12.50 each, under the terms of the grant of February 15, 1896, was payable in advance, on or before the 15th of each month after April 15, 1896, at New Freeport P. O., Greene County, Pa., and the deposit of that sum, payable to the grantors by check or cash, with postmaster Matthias Meighen, at that place by Guffey and Queen, or their assignees, the grantor having received rentals paid in that way on April 7, 1897, was a valid payment of said rentals and prevented the forfeiture of said grant, notwithstanding the death of William Johnson, one of the grantors.

(*d*) At the time of the execution and delivery of the grant of February 15, 1896, to Guffey and Queen, through their agent, Thomas Liggett, neither the agent nor the parties named knew that the 150 acres of land granted was held in fee in the proportion of fifty acres in right of the wife, Elizabeth Johnson, nor did the South Penn Oil Company at the time of the assignment of said grant of Johnson and wife by Guffey and Queen to it, dated November 16, 1896, have notice or knowledge that the title to the lands granted was held in fee in the proportion of fifty acres in right of the husband and 100 acres in right of the wife, Elizabeth Johnson.   The deed for this 100 acres made by William Johnson to Elizabeth Johnson his wife, was not recorded until March 8, 1897, something over one year after the grant of February 15, 1896, and the South Penn Oil Company was not so informed from the record until the service of the bill in equity by plaintiff upon said South Penn Oil Company, defendant.

The grant of February 15, 1896, to Guffey and Queen was a joint one from Johnson and wife and though the wife informed Liggett, the agent, that she owned twice as much as her husband, with whom she lived, she informed him they held it jointly and that it had never been run off to her or any division of it made, whereupon said Liggett informed her they would have nothing to do with a division of the rentals, but make it payable to both of them at the New Freeport P. O., Greene county, Pa., and they could divide it then when payment was made to both of them.

Whether this was satisfactory or not to the grantors does not appear, otherwise than that both Johnson and wife went to New Freeport P. O., Greene county, Pa., monthly for their rent-

als, received them and jointly signed the receipts for the same up until the death of William Johnson, the husband.

(*e*) On February 21, 1897, William Johnson, the husband, died and soon thereafter administrators of his estate were appointed. When Elizabeth Johnson called at the New Freeport P. O., as usual, to receive her rental to April 15, 1897, she was informed by the acting postmaster that since her husband was dead, he was advised the rentals should be paid to his legal representatives. There was some controversy between Mr. Bradley, the acting assistant postmaster who paid the rentals by check and cash, and Elizabeth Johnson, and she was paid the rental to April 15, 1897. Owing to the death of William Johnson and the refusal of his administrators to receive rental accruing after his death and the fact that there were heirs, when Elizabeth Johnson went in May after her rental, due between April 15 and May 15, 1897, she was informed the rental was there as usual but the intermediary stated to her he was advised not to pay it out to her until it was determined who was to act in this particular for her deceased husband's estate; that he had been informed there were minor children left by William Johnson. This displeased Elizabeth Johnson, and she left, saying she thought they didn't intend to pay her any more rentals, and as she owned 100 acres of the land and wanted to make something out of it she would release it and declare the grant of February 15, 1896, then held by the South Penn Oil Company, for the oil right and the Carnegie Natural Gas Company for the gas right, forfeited, and accordingly Elizabeth Johnson did on June 14, 1897, execute and deliver a second lease for the 100 acres included in the grant of February 15, 1896, to Guffey and Queen to J. L. Fisher, of Broad Tree, W. Va., who on August 31, 1897, assigned said lease of June 14, 1897, to B. N. Freeland, the plaintiff in this bill, a true copy of which lease is marked exhibit " C " in the plaintiff's bill.

(*f*) Upon the execution of this lease to Fisher, Elizabeth Johnson, as well as the lessee, had notice that the South Penn Oil Company denied that their lease was forfeited as claimed, and said South Penn Oil Company has continued to pay all rentals due and payable monthly under the terms of the grant of February 15, 1896, as therein provided to the surviving partner of the postmaster of New Freeport P. O., Greene Co., Pa.,

Peter Bradley, to this date, and claims the right to continue so to do under said grant assigned to it by the said Guffey and Queen, and has so continued to pay the same, which are now at New Freeport P. O., Greene Co., Pa., for Elizabeth Johnson.

(*g*) No operations were ever begun by the said James L. Fisher, or his assignee, B. N. Freeland, on this land under the lease of June 14, 1897, by Elizabeth Johnson on her 100 acres, beyond driving a stake to mark the place for a location, and the ordering of one of the sons of Elizabeth Johnson on the land to get out a set of rig timbers.

It is also in evidence that the payment of rentals under this new lease the said Elizabeth Johnson has postponed payment of by her lessee, until the final settlement of this suit, and that said lessee and his assigns she has agreed to release from the payment of the rentals provided for in said lease, or any part thereof, in case the grant of the South Penn Oil Company assigned is upheld by this proceeding in equity.

(*h*) Exhibits " B " and " C " filed in this case are two receipts signed by William and Elizabeth Johnson for $37.50, each showing payment by the Carnegie Natural Gas Company, which owns the gas right, of $75.00, to them jointly for rental for six months on the grant of February 15, 1896, to Guffey and Queen, from October 15, 1896, to April 15, 1897, and that it was paid quarterly in advance instead of monthly in advance. These payments by the Carnegie Natural Gas Company, on account of the grant of February 15, 1896, together with the payments made by the South Penn Oil Company, on account of the same grant, admitted to have been received by Elizabeth Johnson and her husband, to April 15, 1897, show a duplication of the receipts of rental by William and Elizabeth Johnson to April 15, 1897, on this grant under which the South Penn Oil Company and the Carnegie Natural Gas Company hold this 150 acres of land for oil and gas, and applied to the period for which Elizabeth Johnson claims there was a failure to pay her rental on her 100 acres by the South Penn Oil Company, at the time she declared a forfeiture of the grant of February 15, 1896, and released the 100 acres to James L. Fisher, June 14, 1897. There was nothing due or owing to either Elizabeth Johnson or William Johnson's representatives under the terms of said grant, but in truth and in fact, by these combined payments, as shown

by their receipts, she and both of them, were overpaid, and paid in full to July 15, 1897, and we find as a fact that the said Guffey and Queen, or the South Penn Oil Company, their assignee, did not neglect or refuse to pay to Elizabeth Johnson the rentals for delay under the grant of February 15, 1896, in the way and manner provided for in said grant, and therefore the grantor, Elizabeth Johnson, had no just or legal cause to declare the said grant forfeited as to her undivided interest in the same by the execution of a second lease, or by any other means whatsoever.

(*i*) The grant of February 15, 1896, was recorded on March 20, 1897, and therefore the said Fisher took his lease with full knowledge of all the facts as to when rental was payable, as disclosed by the record and the failure of Freeland and Fisher, his assignee, prior to the time of taking the lease of June 14, 1897, to make inquiry of Guffey and Queen, the Carnegie Natural Gas Company, or the South Penn Oil Company, their officers or agents, as to the status of the grant of February 15, 1896, as between them and William and Elizabeth Johnson, or their intentions in regard thereto, and their agreement with Elizabeth Johnson whereby they are to be relieved from payment of all rentals in case this bill is dismissed, finds them in no position for equitable intervention in this particular.

(*j*) On December 14, 1897, the South Penn Oil Company, relying upon its grant of February 15, 1896, and the payment of it by rentals for delay, and the receipt of the same to April 15, 1897, by Johnson and wife, its payments into the deposition at New Freeport P. O., Greene county, Pa., to the credit of Elizabeth Johnson and her husband's estate, all rentals due under the provisions of said grant, and the over payments by the Carnegie Natural Gas Company's payments, and the continuing of the payment of rentals as they fall due, in advance, into the depository acquiesced in by them, and the completion of the said well on March 28, 1898, at large expense, and that said well proved to be a gas well and under the terms of the agreement between Guffey and Queen and the Carnegie Natural Gas Company, and noted in the assignment of this lease in question dated November 16, 1896, have taken possession of said well for the purpose of marketing gas off the premises, under the terms of the lease, fixes the fee in the oil and gas rights under said farm in the South

Penn Oil Company, and the Carnegie Natural Gas Company, subject only to the rents and royalties reserved in the grant, and that the possession of William and Elizabeth Johnson of said lands described in the grant of February 15, 1896, is the possession of the grantees, W. S. Guffey and Emmett Queen and their assignees; and J. L. Fisher and his assignees are not now legally in possession of any part of said lands.

### CONCLUSIONS OF LAW.

\*     \*     \*     \*     \*     \*     \*     \*

Our conclusion is that the defendant, the South Penn Oil Company, is entitled to be hence dismissed with reasonable cause, and that the plaintiff is not entitled to a decision of this court adjudging and decreeing as forfeited the lease executed and delivered by the said William Johnson to the said W. S. Guffey and Emmett Queen dated February 15, 1896, so far as it affects or relates to the 100 acres of land leased by the said Elizabeth Johnson to James L. Fisher and now held by the orator in this case, for the following reasons: (1) the grant of February 15, 1896, between William Johnson and Elizabeth Johnson, of the first part, and W. S. Guffey and Emmett Queen, is a valid and subsisting grant now in force, for the purposes and under the terms and conditions contained therein as to both of the said grantors; (2) the lease of June 14, 1897, made by Elizabeth Johnson to J. L. Fisher for 100 acres of land in Springhill township, Greene county, Pa., being a part of the same lands conveyed by grant of February 15, 1896, to W. S. Guffey and Emmett Queen, is null and void and of no effect.

The court entered the following decree:

And now, July 5, 1898, this cause came on to be heard at the June term, and it was heard and argued by counsel; and therefore, upon consideration thereof, it is adjudged, ordered and decreed as follows:

1. That the lease of June 14, 1897, made, executed and delivered by Elizabeth Johnson to J. L. Fisher, for one hundred (100) acres of land in Springhill township, Greene county, Pa., and described in exhibit " C," in the plaintiff's bill in this case, be delivered to the South Penn Oil Company, its attorney or agent for cancellation forthwith, and that the recorder of deeds

in and for Greene county, Pa., upon exhibition to him of this decree make a note of this paragraph at the place of record of said lease.

2. That the bill of the plaintiff in this case is hereby dismissed at the costs of the plaintiff.

*Error assigned* was the decree of the court.

*James J. Purman*, with him *S. F. Grim*, for appellant.—The evidence was sufficient to sustain a forfeiture: Swint v. Oil Co., 184 Pa. 206; Wolf v. Guffey, 161 Pa. 276; Allegheny Oil Co. v. Bradford Oil Co., 86 N. Y. 638; Jackson & Gross, Landlord & Tenant, p. 218; Pratt v. Richards, 69 Pa. 53; Greider's App., 5 Pa. 422; Gunnis v. Kater, 29 Legal Int. 230; Carnegie Nat. Gas Co. v. Phila. Co., 158 Pa. 317; Auer v. Penn, 92 Pa. 444; Kiester v. Miller, 25 Pa. 481; Magaw v. Lambert, 3 Pa. 444; Glasgow v. Chartiers Oil Co., 152 Pa. 48; Munroe v. Armstrong, 96 Pa. 307; Brown v. Vandergrift, 80 Pa. 142; Gable v. Hain, 1 P. & W. 264; Hollingworth v. Fry, 4 Dallas, 347; Chew v. Phillippi, 32 Pa. 206; Beatty v. Hamilton, 127 Pa. 71.

*James E. Sayers*, with him *M. F. Elliott* and *A. F. Silveus*, for appellee.—Equity does not favor a forfeiture. A forfeiture is governed by equitable rules, and it will not be permitted where it is not according to good conscience: Thompson v. Christie, 138 Pa. 249; Brown v. Vandergrift, 80 Pa. 148.

If the jurisdiction of the court attach from the nature of one of the subjects of contest it may embrace all of them, for equity abhors a multiplicity of suits: Masson's App., 70 Pa. 26; Myers v. Bryson, 158 Pa. 246; Ahl's App., 129 Pa. 63; Hudson v. Barrett, 1 Parsons, 414; Troxell v. Lehigh Crane Iron Co., 42 Pa. 513; Postlethwaite's App., 68 Pa. 477; Schuey v. Schaeffer, 130 Pa. 23; McGowin v. Remington, 12 Pa. 56; Gwinn v. Lee, 6 Pa. Superior Ct. 653.

A doubt as to equitable jurisdiction will not prevail after full hearing and after heavy costs have been incurred: Drake v. Lacoe, 167 Pa. 17; Searight v. Bank, 162 Pa. 504; Evans v. Goodwin, 132 Pa. 136.

OPINION BY MR. JUSTICE FELL, January 2, 1899:

The finding by the court that there was no ground for de-

claring the lease to Guffey and Queen, now held by the South Penn Oil Company, forfeited, is abundantly sustained by the testimony, and the part of the decree dismissing the bill was properly entered. It follows from this finding that the lease for the same land subsequently made to Fisher and assigned to the plaintiff is invalid. Our doubt has been whether that part of the decree which directs the surrender for cancellation of the Fisher lease can be sustained under the pleadings, there being no cross bill.

The lessor, Elizabeth Johnson, and the South Penn Oil Company, the assignee of the first lease, are joined as defendants, and it is averred in the bill that this lease was forfeited for nonpayment of rent, and is being used by the oil company " vexatiously and injuriously against the plaintiff to throw a cloud or suspicion over his title and interest." The answer of Elizabeth Johnson admits the alleged forfeiture and the improper use of the lease by the oil company, and she prays that the relief asked for by the plaintiff be granted. The answer of the South Penn Coal Company contains a specific denial of the averments of the bill upon which the alleged forfeiture is based, and the prayer thereof is to be hence dismissed with reasonable costs. The decree orders (1) the surrender for cancellation of the plaintiff's lease; (2) the dismissal of the bill at the plaintiff's cost.

The decree cannot be sustained for the reason urged in its support, that the court having all the parties before it should dispose of every subject within the circle of contest and make such a decree binding on all as equity requires. The established rule in chancery practice is that the defendant cannot have affirmative relief against the plaintiff, even in the subject-matter of the suit, except by cross bill. " When a defendant seeks the aid of the court, for the purpose of enforcing his rights, he must file a cross bill; when he relies upon his rights, merely by way of defense to the relief sought against him, it is not necessary to do so:" 2 Daniell's Chancery Pl. & Pr. 1550. There are some well-recognized exceptions to this rule, where a defendant may have a decree in his favor without a cross bill, as on a bill for specific performance where the defendant sets up in the answer and proves an agreement different from the one sought to be enforced; on a bill for accounting, if a balance is found due the defendant; and on a bill for partition where the

defendant claims the same relief as is sought by the original bill. These and other exceptions are very clearly stated in 5 Ency. of Pl. & Pr. p. 634, and it is there said, citing Mc-Claskey v. Barr, 48 Fed. Rep. 134, that the theory on which relief is granted the defendant without cross bill in these cases is that the court will entertain the original bill only on condition that the plaintiff consents to the same justice being rendered to the defendant that he asks for himself.

This case must be considered as coming within the general rule that if the defendant relies on the equities of his case for anything beyond a defense, and seeks affirmative relief, he must file a cross bill, and that part of the decree which directs the delivery for cancellation of the lease held by the plaintiff must be set aside. As so modified the decree is affirmed at the cost of the appellant.