## Makof *v.* Sherman.

*Equity—Injunction—Injunction against plaintiff—Cross bill—Equity practice—Security.*

A court cannot, at its own instance, enjoin one of the plaintiffs in a bill in equity from conveying real estate standing in his name, without any allegation or prayer in the pleadings to that end, and without a cross bill.

A preliminary, temporary or special injunction cannot be granted without security.

Submitted April 20, 1908. Appeal, No. 14, Oct. T., 1908, by M. A. Brookman, from decree of C. P. No. 2, Phila. Co., Dec. T., 1907, No. 848, awarding preliminary injunction in case of David Makof, liquidating trustee of the National Real Estate Securities Company, and M. A. Brookman v. Abram J. Sherman and W. B. Marker. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Bill in equity for an injunction.

The opinion of the Superior Court states the case.

*Error assigned* was in awarding an injunction order against Mathias A. Brookman.

*E. Spencer Miller*, for appellant.

No appearance nor printed brief for appellee.

OPINION BY MORRISON, J., July 15, 1908:

The bill prays: 1. An injunction against conveying or incumbering by the defendants, the real estate specified. 2. A decree that the same be conveyed to David Makof, or his vendees as liquidating trustee. 3. An injunction against interference with the action of Makof as liquidating trustee. 4. General relief.

Appellant's counsel states the question involved as follows: "Whether the court should enjoin one of the plaintiffs in a bill at its own instance, without any allegation or prayer in the pleadings to that end, and without a cross bill, from conveying real estate standing in his name, which real estate is not specified in the pleadings nor alluded to in any manner."

The injunction order appealed from is paragraph third in the decree granted by the court below on December 19, 1907, in words as follows, to wit: "Third, that a cautionary order stand as against the plaintiff, Matthias A. Brookman, restraining him from making any disposition, directly or indirectly of the real estate as to which there is some evidence that he purchased the same with the moneys of the said David Makof."

1. We consider this an injunction order; it is more than an admonitory order because it positively restrains Brookman from making any disposition of the real estate referred to in the order: Erie and North East R. R. Co. v. Casey, 26 Pa. 287.

2. The said injunction order cannot be sustained because the bill contains no prayer for any such relief and no cross bill was filed. That affirmative relief will not be granted against a plaintiff, even on behalf of a defendant, without a cross bill, save within a narrow group of exceptions, is well settled.

"Where a defendant seeks the aid of the court for the purpose of enforcing his rights, he must file a cross bill; but when he relies upon his rights, merely by way of defense to the relief sought against him, it is not necessary to do so:" 2 Dan. Chan. Pl. & Pr.* 1550.

In Borckman's Appeal, 2 Sadler, 518, a wife filed a bill in equity to set aside articles of separation between herself and husband. The court below dismissed the bill and decreed that the articles be given full effect. On appeal, the Supreme Court said, inter alia: "In the absence of any cross bill asking therefor, the portion of the decree as to the force and effect to be given to the articles of separation is unauthorized; and to the extent of striking out that part of the decree it is amended." That case is also reported in 3 Cent. Repr. 546.

In Easton, etc., Passenger Ry. Co. v. Easton, 133 Pa. 505, the Supreme Court, per Mr. Chief Justice PAXSON, p. 521, said: "The defendants have no right in this proceeding to ask this court to settle any question affecting the rights of the city in the matter in controversy. They have not filed a cross bill, nor have they applied to this court or any other court to adjust the differences between the city and the appellant company. They have no prayer for relief." See also Freeland v. South Penn Oil Co., 189 Pa. 54; Williams v. Concord Congregational Church, 193 Pa. 120; McCune v. Lytle, 197 Pa. 404.

In Kelley v. Shay, 206 Pa. 208, it was said by Mr. Justice POTTER: "So where the decision of a controversy between a plaintiff and two defendants raises an incidental and collateral question between the codefendants, the court will sometimes dispose of the matter by means of a reference to a master and thus save the expense of a separate suit, and the same course has been taken where it was impossible to give the plaintiff the relief to which he was entitled without first deciding a question between the codefendants: Hood v. Clapham, 19 Beav. 90–96; Duberly v. Day, 14 Beav. 9. But there is another ground upon which the action of the court below, in this respect, may be sustained. The adverse interest here is between codefendants, and as between themselves, defendants may have affirmative relief without a cross bill."

These, and indeed all of the authorities, so far as we know, deny the propriety of affirmative relief in favor of a defendant, and against a plaintiff, in a case like the present one. This case falls under no exception to the general rule. As to the necessity of a prayer in the bill, even if the conditions warranted relief against the plaintiff, see Thomas v. Ellmaker, 1 Clark, 502; s. c., 1 Parsons, Select Equity Cases, 98; Horton's App., 13 Pa. 67.

We find many authorities in our sister states to the effect that a judge has no power to make an order affecting the rights of a party, of his own mere motion.

The learned counsel for the appellant, in his argument, says: "That a plaintiff in a bill should be met, when prosecuting his cause in court, with a fresh proceeding grafted upon it, without pleadings and without notice, and his enjoyment of real estate assailed, no notice and no opportunity to defend being afforded him, would seem to violate the constitutional guaranty of due process of law."

In Stuart v. Palmer, 74 N. Y. 183, it is said: "It may, however, be stated generally that due process of law requires an orderly proceeding adapted to the nature of the case in which the citizen has an opportunity to be heard, and to defend, enforce, and protect his right." See also Westervelt v. Gregg, 12 N. Y. 202.

3. "But an injunction, whether preliminary, temporary or special, cannot be granted without security, 'to be approved of by the court or judge, conditioned to indemnify the other party for all damages that may be sustained by reason of such injunction.' This is a positive provision of the act of May 6, 1844, which the courts have no right to disobey. Its terms are general, and they include injunctions of every description, except those granted on a final hearing of the cause:" Erie & North East R. R. Co. v. Casey, 26 Pa. 287.

But we need not consume time and space by the citation of additional authorities, because equity rule No. 82, which is binding upon the court below, reads as follows: "Cautionary orders in injunction bills shall not be made, nor shall any injunction be allowed except security be given according to law"

We, therefore, hold that the court below erred in granting the so-called cautionary order, it being the third paragraph of the decree of December 19, 1907.

The assignment of error is sustained and the said cautionary order against the plaintiff, Matthias A. Brookman, is reversed, and it is further ordered and decreed that the defendants pay the costs of this appeal.