# Davis, Appellant, *v.* Willig.

*Equity—Equity practice—Cross bill.*

1. The defendant in an equity suit cannot have affirmative relief against the plaintiff even in the subject-matter of the suit, except by cross bill.

*Equity—Equity practice—Findings of fact by a trial judge.*

2. The findings of fact by a judge in an equity proceeding will not be set aside, except for manifest error.

*Equity—Jurisdiction—Remedy at law—Ejectment—Possession and title to land—Findings of fact—Party fence.*

3. Where a bill in equity is filed to restrain the defendant named therein from interfering with the plaintiff in erecting a fence and the plaintiff obtains a preliminary injunction, and the court finds as a fact that the land in dispute was in the possession of the defendant when the injunction issued, the bill will be dismissed on the ground that the plaintiff has an adequate remedy at law by ejectment.

Argued Nov. 11, 1913.   Appeal, No. 305, Oct. T., 1912, by plaintiff, from decree of C. P. Lancaster Co., Equity Docket No. 5, page 237, dismissing bill in equity in case of B. F. Davis v. Augusta Willig et al.   Before Rice, P. J., Henderson, Morrison, Orlady, Head and Porter, JJ.   Affirmed.

Bill in equity for an injunction.
The opinion of the Superior Court states the case.

*Error assigned* was decree dismissing the bill.

*B. F. Davis* and *C. E. Montgomery,* with them *L. N. Spencer,* for appellant.

*John E. Snyder,* with him *Richard M. Reilly* and *F. Lyman Windolph,* for appellees.

Opinion by Orlady, J., March 12, 1914:

The controversy in this case grows out of a dispute in regard to the title to a strip of land four and one half inches in width, along the boundary line, between the plaintiff's and defendant's land in the city of Lancaster. According to all the deeds offered in evidence the dividing line between the lots is a straight one from the front to the rear street lines.   During the progress of certain improvements on the plaintiff's property, a dispute arose as to the true location of the line, and an alleged party wall privilege.   The appellant concedes that the question raised is purely a legal one under the facts.

The plaintiff removed an old fence and began the

erection of a new one on a slightly different location; this the defendants removed and replaced it on its old situation between the two properties. This was the physical condition on the grounds when the plaintiff obtained a preliminary injunction to restrain the defendants from interfering with him in erecting a fence, which he alleged and defendants denied, was on the boundary line between their respective properties. While this injunction was in force, the plaintiff reinstated the fence to the location he had originally given it, when the defendants filed a cross bill to compel the plaintiff to restore the fence to the position it was in when the original bill was filed.

The property defined in the cross bill related to the same subject-matter, as that described in the original bill, and the rights of the plaintiff in that bill, the defendants herein, are determined in Freeland v. Oil Co., 189 Pa. 54. The established rule in chancery practice is, that the defendant cannot have affirmative relief against the plaintiff, even in the subject-matter of the suit except by a cross bill, . . . . McCune v. Lytle, 197 Pa. 404, so that under the pleadings, both bills are to be considered in disposing of the case.

Answers were filed, testimony was taken on both the original and cross bill, and after full hearing the court dismissed the plaintiff's bill, and entered a decree on the cross bill, enjoining the plaintiff from disturbing the defendants in replacing and maintaining the fence on the old line.

This conclusion was reached after finding as a fact that at the time the preliminary injunction was issued, the defendants in that bill were in possession of the land where the new fence is, and the old one was, and after the preliminary injunction had been granted the plaintiff moved the fence over to its present position, and the court specially withheld decision in regard to the title to the land in dispute, but held only that the defendants in the original bill, had such claim to it that the

plaintiff could not interfere with their possession until he had established his title to it by an action at law.

It is apparent that the dispute in regard to the title to this small strip of land must be determined by an action of ejectment, as the possession is found to be in the defendants. The remedy at law is adequate, and the controlling question is one of fact, the property being claimed by the plaintiff and in possession of the defendants: Leininger v. R. R. Co., 180 Pa. 287. No imminent peril is suggested, and the court below rightly held that the parties should continue in the same relation they held when the bill was filed until the title is determined by an ejectment, which alone would settle it.

The rule and reason for it has been frequently declared. In Rhea v. Forsyth, 37 Pa. 503, it is said: "The interference of courts of chancery rests on the principle of a clear and certain right to the enjoyment of the subject in question, and the injurious interruption of that right which, upon just and equitable grounds ought to be prevented. It must be a strong and mischievous case of pressing necessity, or the right must have been previously established at law, to entitle a party to call to his aid the jurisdiction of the courts of equity."

A preliminary injunction is never awarded except in a clear case of right and when no doubt exists, as to the claim of the plaintiff to the remedy he invokes, nor if the trespass be fugitive and temporary and can be compensated in damages, etc., or where the defendant is in possession and has a remedy at law: Minnig's App., 82 Pa. 373.

The finding of the court that the defendants were in possession of the land in dispute at the time the preliminary injunction was issued is sustained by competent evidence, and it is the settled rule in such a case, that the findings of fact by a judge in an equity proceeding will not be set aside except for manifest error: Gay v. Chambers, 37 Pa. Superior Ct. 41; Com. v. Stevens, 178 Pa. 543.

The decree is affirmed.