## Schumacher v. Ploplis et al.

*Equity—Injunction—Continuing trespasses—Act of June 16, 1836.*

1. Injunction is the appropriate remedy under the Act of June 16, 1836, P. L. 789, for the prevention of trespasses and nuisances which, by reason of the persistency with which they are repeated, threaten to become of a permanent character.

2. An injunction will be granted in an equity suit where the testimony establishes conclusively the commission of acts of trespass by defendants upon the plaintiff's property, occupied by him as his home, and defendants threaten to repeat acts of trespass of a like nature.

*Equity—Equity practice—Answer—Cross-bill—Amendment—After adoption of new equity rules.*

3. The principles that rules and statutes relating to procedure apply to pending cases is not to be construed so as to enlarge the scope and effect of pleadings prior to their adoption or enactment, but only so as to require pleadings filed subsequently to conform to their requirements.

4. Where defendants set forth in an answer under the sub-section "cross-bill" affirmative matters constituting a cross-cause of action, and they had ample time before the new equity rules went into effect on Jan. 1, 1925, to file a cross-bill, they were not allowed, after the new rules became effective, to amend their pleading so as to strike out the words "cross-bill," thus leaving their pleading an answer under the new rules, which did away with cross-bills.

Bill for injunction. C. P. Schuylkill Co., Sept. T., 1924, No. 2, in Equity.

*Joseph Brown,* for plaintiff; *E. D. Smith,* for defendant.

BERGER, J., April 27, 1925.—This is an injunction bill, in which the hearing on the rule to continue or dissolve the preliminary injunction granted to restrain threatened and repeated acts of trespass was waived and the injunction continued by the agreement of the parties until final hearing. The defendants, in their answer to the bill filed Aug. 9, 1924, incorporated therein allegations as a foundation for affirmative relief against the plaintiff, under a caption entitled "Cross-bill," to which the plaintiff filed a demurrer, which was overruled for the reasons stated in Schumacher v. Ploplis, 5 D. & C. 567, 21 Schuyl. Legal Rec. 1.

Testimony was taken on bill and answer Feb. 25, 1925, and after it had been concluded, a petition was filed by the defendants to amend the answer by striking out the words "cross-bill" wherever they appeared in the answer and on its cover, "so that the answer will conform with the new rules of the Supreme Court, that provide that all equities between litigants are to be raised by bill and answer, and that the defendants be heard on the matter set forth in their answer, so that such relief may be afforded them as is now pro-

vided and contemplated by the present Equity Rules of the Supreme Court of Pennsylvania."

Rule 52 of Rules of Equity Practice, adopted May 30, 1924, effective Jan. 1, 1925, provides, *inter alia*, that a defendant, after fully answering the allegations of the bill, may aver such additional facts, having a direct relation to any of the causes of action set forth in the bill, as he believes will entitle him to affirmative relief against the plaintiff. Prior to its adoption, a defendant could not have affirmative relief against the plaintiff, even in the subject-matter of the suit, except by cross-bill: Davis v. Willig, 56 Pa. Superior Ct. 423, 425.

The demurrer to the cross-cause of action stated in the defendants' answer was overruled Oct. 6, 1924, on the ground that the plaintiff's remedy was by exceptions to the answer and not by demurrer. The defendants, therefore, had ample time before hearing, prior to the adoption of the new equity rules, to file a cross-bill for purposes of affirmative relief.

The sole purpose of the amendment for which the defendants now pray is to bring themselves within the provisions of new equity rule No. 52, so that they may have an opportunity to prove facts entitling them to affirmative relief. It is true, as the defendants contend, rules of court and statutes which relate only to procedure and in no way affect the rights of the parties are applicable to future procedure in cases pending at the time of their adoption or enactment: Laukhuff's Estate, 39 Pa. Superior Ct. 117, 119; Kuca v. Lehigh Valley Coal Co., 268 Pa. 163, 166. This rule, however, is not applicable to the situation here presented. Even under the old equity rules it was held that the proper time for filing a cross-bill is at the time of putting in answer to the original bill and before joinder of issue: Bole v. Belden, 58 Pitts. L. J. 236.

The allowance of defendants' proposed amendment would render valid that part of defendants' answer which we have heretofore held invalid and give it the same effect, though filed nearly six months before the new equity rules became effective, as if it had been filed thereunder. The principle that rules and statutes relating to procedure apply to pending cases is not to be construed so as to enlarge the scope and effect of pleadings filed prior to their adoption or enactment, but only so as to require pleadings filed subsequently to conform with their requirements. Moreover, if the amendment were allowed, the plaintiff would be entitled to fifteen days within which to answer. No good cause for the allowance of this amendment has been shown, nor does it appeal to my discretion, and it is, therefore, disallowed.

The bill, the answer and the testimony establish facts as follows:

### Findings of fact.

1. The plaintiff is the owner, since the year 1914, of all that certain lot or piece of ground, situate in the Borough of Port Carbon, Schuylkill County, Pennsylvania, bounded and described as follows: Beginning on Coal Street, on the corner of a lot of Lewis Heilner, deceased, now of Anna E. Crane, thence north 22 feet 4 inches, be the same more or less, to a line marked out on the lot of Uriah Gane, now of John F. Carr and Maggie C. Ryan; thence eastwardly along John F. Carr's lot and Maggie C. Ryan's lot 142 feet, more or less, to a post adjoining other land formerly of Uriah Gane, now of Edward J. Millington; thence south 22 feet 2 inches, more or less, to a line of lot of Robert Thomas, deceased, now of James Penman; thence southwest along the line of lot of James Penman and a 20 feet wide alley to the rear of lot of Leonard Mertz, deceased, now of Emily L. Brenner; thence north along the

rear of lot of Emily L. Brenner, also rear of lot of Lewis Heilner, deceased, now the property of Viola Hoffman and of Mrs. Anna E. Crane; thence west along the northern line of Mrs. Anna E. Crane's lot to Coal Street, the place of beginning. Containing in front on Coal Street 22 feet 4 inches, more or less, and extending back in length or depth 142 feet, more or less, with the appurtenances, consisting of a two-story frame dwelling-house and two-story frame addition and frame ice-house and stable, which dwelling-house the plaintiff has occupied as his residence since 1914.

2. The plaintiff has been in actual possession of the above described premises since the year 1914, and his possession, and that of his predecessors in title, has been open, notorious and exclusive during a period of thirty-seven years and upwards immediately prior to the filing of this bill.

3. The plaintiff's lot is, and has been, entirely enclosed by buildings and fences erected on its outward boundary-lines.

4. Petronella Ploplis, Victor Ploplis and Jesse Ploplis, the defendants, on June 11, 1924, entered upon the plaintiff's property and tore down and removed a fence for a distance of 10 feet 3 inches and threatened further trespasses of like character.

5. Petronella Ploplis, Victor Ploplis and Jesse Ploplis, the defendants, on July 18, 1924, trespassed on the plaintiff's property and tore down the wall of his stable and sawed off from the stable itself a portion 13 feet in length and tore down that portion of the wall on which the same was erected.

6. Petronella Ploplis, Victor Ploplis and Jesse Ploplis, the defendants, on July 18, 1924, trespassed on the plaintiff's property and tore down the fence and gates forming its southern enclosure for the distance of about 13 feet.

7. The acts, conduct and language of Petronella Ploplis, Victor Ploplis and Jesse Ploplis, the defendants, endanger the peace, comfort and safety of the plaintiff and interfere with the use and proper enjoyment of his property.

8. Petronella Ploplis, Victor Ploplis and Jesse Ploplis, the defendants, damaged the property of the plaintiff in the sum of $48.75.

### Conclusion of law.

The acts committed by Petronella Ploplis, Victor Ploplis and Jesse Ploplis, the defendants, and those threatened by them, are trespassers, remediable in equity by injunction.

### Discussion.

The admissions in the pleadings and the affirmative testimony of the defendants, who were called as witnesses, establish conclusively the commission of acts of trespass by all the defendants upon the plaintiff's property, occupied by him as his home, and threats to repeat acts of trespass of a like nature.

Injunction is the appropriate remedy under the Act of June 16, 1836, P. L. 789, for the prevention of trespasses and nuisance which, by reason of the persistency with which they are repeated, threaten to become of a permanent character: Walters v. McElroy et al., 151 Pa. 549; McGonigle v. St. Clair Coal Co., 71 Pa. Superior Ct. 480; Tide Water Pipe Co. v. Bell, 280 Pa. 104. This is a proper case for the application of the above-stated principle.

### Decree nisi.

And now, April 27, 1925, upon consideration of the foregoing case by the chancellor, it is ordered, adjudged and decreed nisi as follows:

1. That the defendants, Petronella Ploplis, Victor Ploplis and Jesse Ploplis, their agents, servants or employees, are perpetually restrained from entering and trespassing upon the property of the plaintiff, bounded and described as follows: All that certain lot or piece of ground, situate in the Borough of

Port Carbon, Schuylkill County, Pennsylvania, bounded and described as follows: Beginning on Coal Street, on the corner of a lot of Lewis Heilner, deceased, now of Anna E. Crane, thence north 22 feet 4 inches, be the same more or less, to a line marked out on the lot of Uriah Gane, now of John F. Carr and Maggie C. Ryan; thence eastwardly along John F. Carr's lot and Maggie C. Ryan's lot 142 feet, more or less, to a post adjoining other land formerly of Uriah Gane, now of Edward J. Millington; thence south 22 feet 2 inches, more or less, to a line of lot of Robert Thomas, deceased, now of James Penman; thence southwest along the line of lot of James Penman and a 20 feet wide alley to the rear of lot of Leonard Mertz, deceased, now of Emily L. Brenner; thence north along the rear of lot of Emily L. Brenner, also rear of lot of Lewis Heilner, deceased, now the property of Viola Hoffman and of Mrs. Anna E. Crane; thence west along the northern line of Mrs. Anna E. Crane's lot to Coal Street, the place of beginning. Containing in front on Coal Street 22 feet 4 inches, more or less, and extending back in length or depth 142 feet, more or less, with the appurtenances, consisting of a two-story frame dwelling-house and two-story frame addition and frame ice-house and stable.

2. That the defendants, Petronella Ploplis, Victor Ploplis and Jesse Ploplis, their agents, servants or employees, are perpetually restrained from tearing down, destroying and removing the fence surrounding the plaintiff's property and from destroying, tearing down and removing any buildings erected thereon.

3. That the defendants, Petronella Ploplis, Victor Ploplis and Jesse Ploplis, are directed to pay to the plaintiff the sum of $48.75 as damages for the property destroyed.

4. That the defendants, Petronella Ploplis, Victor Ploplis and Jesse Ploplis, are directed to pay the costs of this proceeding.

From M. M. Burke, Shenandoah, Pa.