## Darlington et al. v. Reilly, Trustee, et al.

*T. E. Montgomery*, for complainants.

*McGinnis, Bader & Coghlan*, for respondents.

SMITH, P. J., November 14, 1946.—This matter comes before the court on plaintiff's preliminary objections to the new matter contained in the answer of defendants.

Under Equity Rule 52, defendant may, under the specific heading "New Matter", "aver such additional facts, having a direct relation to any of the causes of action set forth in the bill, as he believes will entitle him to affirmative relief against plaintiff, and such other facts as may tend to invalidate an anticipated defense on plaintiff's part; and, either with or without setting forth additional facts, may pray such relief as he shall deem himself entitled to under the pleadings".

A reading of the new matter shows that defendant has not made a demand for any affirmative relief. This

demand must be of such a nature as plaintiff must present in his bill in equity: 8 Standard Pa. Practice, §298, p. 216. It has been decided in a number of cases that where the new matter does not seek affirmative relief against plaintiff, it should be stricken off: Prospect Hill Cemetery Co. v. Nielsen et al., 54 Dauph. 351.

Where the answer of defendants responsively denies the averments of the bill, thus squarely raising the issue, and then sets up under the heading of "New Matter" allegations which are included in such issue, these allegations under new matter are superfluous and will be stricken off: Cook v. Keith, 35 Dauphin 399; 8 Standard Pa. Practice (Equity) §297, p. 214.

It thus seems patent under Equity Rule 52 that a defendant may only aver new matter when he seeks affirmative relief against plaintiffs and that he must pray for such relief as he may deem himself entitled to under the pleadings.

The first paragraph of new matter set forth in defendants' answer raises the question of laches. On a prior occasion before this court, defendants raised that question by preliminary objections to the bill in equity. This matter has been adversely determined by this court when the preliminary objections to the bill were dismissed. No appeal has been taken from this ruling.

Paragraph 2 of the new matter contains only conclusions and not facts. It also raises the question of laches.

Paragraph 3 again states legal conclusions and presents no facts which permit of affirmative relief. The contract of the trustee and the grantors of the land speaks for itself.

Paragraph 4 contains a self-serving declaration of contractual relations allegedly entered into between the trustee and other persons, one of whom is not a

party to this litigation, without stating if it was in writing or was oral. If this averment is material to the issue, it should have been properly averred in the answer itself. The legal conclusions or inferences relating to the said alleged contracts as averred, are immaterial and irrelevant in this proceeding. The new matter therefore has failed to set forth facts having a direct relation to any of the causes of action set forth in the bill of equity which would entitle defendants to an affirmative relief against plaintiff. Defendants have also failed to show what affirmative relief they are seeking.

In Oko v. Krzyzanowski, 150 Pa. Superior Ct. 205, 214, Stadtfeld, J., said:

"Under these Equity Rules a replication should not be filed unless the defendant avers additional facts as will entitle him to affirmative relief against the plaintiff under the heading 'New Matter'. Unless this requirement is met, the plaintiff's failure to file a replication does not give the defendant's allegations in the answer the quality of admitted facts."

In Dare v. City of Harrisburg et al., 16 D. & C. 22, the court said (p. 25) :

"The averments of the answer do not constitute additional facts or new matter which should be set up in the nature of a cross bill requiring a reply thereto. No affirmative relief is suggested."

Where new matter does not seek affirmative relief against plaintiffs, it should be stricken off: Mohler Baking Co. v. Kwiatowski, 23 Erie 56; Tate v. Richards, 32 Luzerne 127; Makof v. Sherman, 36 Pa. Superior Ct. 624; Easton Passenger Ry. Co. v. City of Easton, 133 Pa. 505, 521.

Since no affirmative relief is requested by defendants against plaintiffs, the preliminary objections filed against the new matter should be sustained.

*Order*

And now, to wit, November 14, 1946, the preliminary objections of plaintiffs to the new matter contained in defendants' answer are sustained, and the new matter as averred is stricken from the said answer.